IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-02986-RMR-STV

NATHAN FELDMAN, individually, and as Father and Next Friend on behalf of his two minor children, O.F. and N.F.,

    Plaintiffs,

v.

DENVER PUBLIC SCHOOLS;
KURT SIEBOLD;
KATHERINE DIAZ; and
CHRISTINA SYLVESTER,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak entered on August 1, 2024, ECF No. 40, addressing Defendants' Motion to Dismiss Amended Complaint, ECF No. 34. Magistrate Judge Varholak recommends that the Defendants' motion be granted.

Plaintiffs timely filed an objection to the Recommendation at ECF No. 41. Defendants filed a response to the objection at ECF No. 42. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, Plaintiffs' objection is overruled.

## I.   LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II. ANALYSIS

Plaintiffs raise three primary objections to the Recommendation: (1) the Recommendation fails to apply the appropriate pleading standard; (2) the Recommendation misapplies the *Shurtleff* factors when determining whether DPS's flag-bearing program constitutes government speech; and (3) the Recommendation erred in finding that Plaintiffs lack standing as to Counts II and III.[2] The Court addresses each objection in turn.

### A. 12(b)(6) Pleading Standard

First, Plaintiffs argue that the Recommendation failed to accept the well-pleaded factual allegations of the Amended Complaint as true as required when evaluating a Rule 12(b)(6) motion to dismiss. ECF No. 41 at 4. Specifically, Plaintiffs argue that the Recommendation improperly assumed from the outset that the government was the speaker even though Plaintiffs' Amended Complaint "pled that individuals chose to display the flags; Plaintiffs did not allege that the flag displays were DPS' speech . . . ." *Id.* at 5.

In making this argument, Plaintiffs mistake the Magistrate Judge's legal conclusion for a factual assumption. A review of the Recommendation shows that the Magistrate

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

[2] Given there are no objections to most of the factual and procedural background recited in the Recommendation, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein, unless otherwise stated.

Judge properly accepted Plaintiffs' well-pleaded allegations as true. Indeed, the Recommendation recited and accepted as true the very allegations that Plaintiffs cite in their objection—that the DPS policy supports the right of its employees to display Pride Flags on school property and that individual teachers displayed the Pride Flag on multiple classroom doors. *See* ECF No. 40 at 12, 14, 17. Further, the Recommendation gave Plaintiffs the benefit of the doubt that not all teachers displayed the Pride Flag, despite the Amended Complaint's inconsistent allegations that "each Slavens School classroom had a Pride Flag displayed beside each classroom door" on the one hand and that "there are a number of teachers at the Slavens School who do not have Progress Pride Flags outside of their classrooms" on the other. *Compare* ECF No. 34 ¶ 12 *with* ¶ 44. Thus, the Court does not find that the Recommendation "improperly assumed from the outset that the government was the speaker." Rather, the Recommendation accepted Plaintiffs well-pleaded allegations as true and reached the legal conclusion that, in light of those allegations, the speech at issue is government speech. Accordingly, Plaintiffs' first objection is overruled.

      **B.**    **Government Speech Doctrine**

Next, Plaintiffs object to the Magistrate Judge's conclusion that DPS's flag-displaying program constitutes government speech and is therefore not subject to the constraints of the First Amendment's Free Speech Clause. Plaintiffs argue that in reaching this conclusion, the Magistrate Judge misapplied the *Shurtleff* factors. ECF No. 41 at 6 (citing *Shurtleff v. City of Boston*, 596 U.S. 243, 251 (2022). The Court disagrees.

As the Recommendation correctly states (and Plaintiffs do not dispute), "[w]hen government speaks, it is not barred by the Free Speech Clause from determining the content of what it says." *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 207 (2015). Accordingly, "[t]he First Amendment's Free Speech Clause does not prevent the government from declining to express a view." *Shurtleff v. City of Boston*, 596 U.S. 243, 251 (2022). Thus, the issue for the Court is whether the challenged speech in this case constitutes "government speech." If so, then Plaintiffs' claim of viewpoint discrimination must be dismissed.

To answer the question of whether the display of Pride Flags at the Slavens School constitutes government speech, the Court must "conduct a holistic inquiry designed to determine whether the government"—in this case, DPS—"intends to speak for itself or to regulate private expression." *Shurtleff*, 596 U.S. at 252. In conducting this inquiry, courts generally assess the following: "(1) whether the forum has historically been used for government speech; (2) whether the public would interpret the speech as being conveyed by the government; and (3) whether the government has maintained control over the speech." *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1170 (10th Cir. 2021) (citations omitted); *see also Shurtleff*, 596 U.S. at 252. Plaintiffs argue that the Recommendation misapplied these three factors and therefore improperly concluded that the speech at issue in this case is government speech. Upon de novo review, the Court agrees with the Magistrate Judge's conclusion that the factors weigh in favor of a finding that the display of Pride Flags at the Slavens School is government speech.

5

### 1. Whether the Forum Has Historically Been Used for Government Speech

In assessing the first factor, Plaintiffs argue that the Recommendation improperly "ignores allegations contained in the [Amended Complaint] and assumes facts that were not alleged or argued." ECF No. 41 at 6. Specifically, Plaintiffs argue that the Recommendation ignores their allegation that "DPS has previously made their walls a public forum for students to hang flags and its history of doing so is well-documented." *Id.* The Court finds Plaintiffs' argument unavailing.

To evaluate the historical use of a forum, the Court considers the general history of flag displays, particularly within public schools, as well as the details of DPS's particular history of flag displays. *See Shurtleff*, 596 U.S. 253-55 (considering both "the history of flag flying, particularly at the seat of the government" and "the details of *this* flag-flying program") (emphasis in original). Plaintiffs do not challenge the Recommendation's conclusion that the history of flag displays, particularly within schools, weighs in favor of a finding that schools have been historically used for government speech and the Court perceives no error with the Magistrate Judge's analysis as to that aspect of the forum's history.

As to DPS's particular history of flag displays, Plaintiffs argue the Recommendation erred by ignoring their allegation that DPS has previously made their walls a public forum. But the Recommendation does not ignore this allegation; rather, the Magistrate Judge directly addressed the allegation, as well as the news article referenced by Plaintiffs in support of the allegation. *See* ECF No. 40 at 10 n.6 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) (when ruling on a motion to

6

dismiss, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference"). After reviewing the 2004 news article, the Magistrate Judge noted that "the article merely discusses how, after flags that had been hung by a teacher were removed from a high school, a DPS spokeswoman stated that 'school officials planned to rehang the Mexican flags.'" *Id.* Based on the facts as reported in the article, the Magistrate Judge concluded that "[t]he decision by DPS officials to remove and rehang flags only supports a conclusion that DPS retained authority over the expression placed on its walls, and does not support Plaintiffs' allegation that DPS has relinquished control over its walls." *Id.* Thus, the Magistrate Judge did not err by failing to credit Plaintiffs' allegation because "factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Moreover, Plaintiffs do not cite to any authority in support of their view that one DPS school's actions in 2004 would be determinative as to the court's historical forum analysis. Accordingly, in the context of this particular case, the Court finds that the first factor weighs in favor of a finding of government speech. *See Shurtleff*, 596 U.S. at 252 ("Our review is not mechanical; it is driven by a case's context rather than the rote application of rigid factors.").

### 2. Whether the Public Would Interpret the Speech as Being Conveyed by the Government

As to the second factor, Plaintiffs argue that the Recommendation erred by incorrectly "applying control over school walls an as absolute in its analysis" and thereby

7

incorrectly concluding that "the public is 'likely' to perceive the Pride Flags as speech of the government, itself." ECF No. 41 at 7.

Again, Plaintiffs misconstrue the Magistrate Judge's analysis. The Recommendation did not apply control over school walls as an absolute. Rather, the Magistrate Judge reasoned that "schools <u>traditionally</u> control expression contained on their walls." ECF No. 40 at 10 (emphasis added). Plaintiffs did not dispute this, and to the extent they attempt to dispute this now, such an attempt comes too late. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Magistrate Judge then correctly observed that the Supreme Court has provided little guidance as to the public perception factor but that the inquiry "clearly involves a degree of speculation." ECF No. 40 at 16 (citing *Shurtleff*, 596 U.S. at 255; *Pleasant Grove City*, 555 U.S. at 471).

After reviewing the allegations, the Recommendation reasoned that because schools traditionally control expression on the walls, "a display of a particular flag outside of multiple classroom doors—even if not entirely uniform—would likely be understood as conveying a message that the school has adopted as its own." *Id.* at 17. Plaintiffs' objection points to no authority that would result in a different outcome. Upon review, the Court agrees with the Recommendation's analysis of this factor and concludes that it weighs in favor of a finding of government speech.

### 3. Whether the Government Has Maintained Control Over the Speech

As to the third factor, Plaintiffs argue that the Recommendation erred in finding that "the government has maintained control over the speech." ECF No. 41 at 8. In their

objection, Plaintiffs reiterate their argument that DPS relinquished control over the speech at issue because the DPS policy permits, but does not require, employees to display the Pride Flags. Plaintiffs contend that their allegations and DPS policy are clear that it is the right of the employees to display the Pride Flags. According to Plaintiffs, this means that "it cannot be said that the exercise of that choice is government speech." *Id.* The Court disagrees.

When assessing the government's control over the speech, "it is [DPS]'s control over the flags' content and meaning that here is the key; that type of control would indicate that [DPS] meant to convey the flags' messages." *Shurtleff*, 596 U.S. at 256. In *Shurtleff*, the Supreme Court found no government control because the city of Boston's practice was to approve the flag raising without exception and "hadn't spent a lot of time really thinking about its flag-raising practices until this case." *Id.* at 256-57. Further, "the city had nothing—no written policies or clear internal guidance—about what flag groups could fly and what those flags would communicate." *Id.* at 257. Thus, the Supreme Court concluded that "the city's lack of meaningful involvement in the selection of flags or the crafting of their messages leads us to classify the flag raising as private, not government, speech." *Id.* at 258.

Here, unlike in *Shurtleff*, Plaintiffs' allegations indicate that DPS exerted complete control over the flags' content and meaning. Plaintiffs allege that DPS policy reads in pertinent part: "the District supports the right of its employees to post in their classrooms, offices, or halls a rainbow flag or other sign of support for LGBTQIA+ students or staff, <u>because these are symbols consistent with the District's equity-based curriculum.</u>" ECF

9

No. 26 ¶ 20 (emphasis added); *see also id.* ¶ 26 ("Defendant Sylvester also advised Mr. Feldman that displaying the Pride Flag is . . . supported by DPS and consistent with our policies and our core value of equity."). Plaintiffs further allege that "DPS policy provides the choice to display a [Pride Flag], but it does not provide for the choice to display [Plaintiffs' Flag]." *Id.* ¶ 57. These allegations support a finding that DPS shapes and controls the messages that can be displayed on its walls. DPS policy reflects careful consideration about what views can be expressed and that any expressions must reflect DPS's policy of equality and inclusion. Accordingly, the Court finds that DPS has maintained control over the flag displays.

Plaintiffs' passing reference to a non-binding Eighth Circuit decision does not change the outcome. As was thoroughly explained in the Recommendation, the Eighth Circuit's decision in *Cajune v. Independent School District 194*, 105 F. 4th 1070 (8th Cir. 2024) is distinguishable. *See* ECF No. 40 at 14-16. Plaintiffs make no specific objection to the Recommendation's careful reasoning on this point and the Court finds no error with that reasoning. *See One Parcel of Real Property*, 73 F.3d at 1060 (objections to magistrate judge's report and recommendation must be specific). Accordingly, the Court concludes that in this case, the third factor also supports a finding of government speech.

For these reasons, the Court finds that the Pride Flag display is government speech and not subject to the constraints of the First Amendment's Free Speech Clause. Accordingly, Plaintiffs' objection is overruled.

### C. Standing as to Counts II and III

Finally, Plaintiffs object to the Recommendation's conclusion that they lack standing as to Count II (Title IX Sex Discrimination) and Count III (Equal Protection). To establish constitutional standing, a plaintiff must show (1) that he suffered an injury in fact; (2) that there is a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quotation omitted).

As to Mr. Feldman, the Recommendation reasoned that he had not sufficiently alleged an injury in fact as to either claim because he alleges no injury other than to his children. ECF No. 40 at 18. In their objection, Plaintiffs argue that Mr. Feldman sufficiently alleged an injury in fact because Defendant's actions have injured his right to direct the care, upbringing, and education of his children. ECF No. 41 at 10. But Plaintiffs did not allege the infringement of this asserted right and did not make this argument in their response to the motion to dismiss. Therefore, Plaintiffs have waived that argument here. *See Marshall v. Chater*, 75 F.3d at 1426 ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Perhaps recognizing that the allegations as they stand do not support this new argument, Plaintiffs ask in the alternative that the Court only dismiss the claims without prejudice with leave to amend or re-file. The Court finds this request appropriate and will

11

dismiss claims two and three without prejudice to the extent that they are brought on behalf of Mr. Feldman. *See, e.g.*, *Albert v. Smith's Food & Drug Ctrs.*, Inc., 356 F.3d 1242, 1249 (10th Cir. 2004); *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir.1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice.").

As to O.F. and N.F., the Recommendation found that their allegations of exposure to allegedly discriminatory messaging are insufficient to allege an injury in fact as to either claim. *See* ECF No. 40 at 19-20 ("[C]laims grounded on the assertion that selective governmental messaging discriminate against an individual by making that individual feel like a 'second-class citizen,' without corresponding differential governmental treatment, do not allege an injury-in-fact sufficient to confer Article III standing."); *id.* at 21 ("[B]esides exposure to a message that does not represent O.F. and N.F.'s views, and DPS's and school officials' acknowledgement of this messaging, Plaintiffs provide no allegation of any 'corresponding denial of equal treatment.' ").

Notably, Plaintiffs did not direct any argument toward O.F. and N.F.'s standing for their equal protection claim in response to the motion to dismiss. *See* ECF No. 40 at 21 n.9 ("The Court notes that Plaintiffs only explicitly address Title IX standing as to O.F. and N.F., and provide no argument directed towards their standing to pursue an equal protection claim."). Thus, they have waived the right to raise any new argument here. *See Marshall v. Chater,* 75 F.3d at 1426. Regardless, the Court agrees with the Magistrate Judge's explanation that exposure to allegedly discriminatory messaging is not an injury sufficient to confer O.F. and N.F. standing over claims two and three. *See, e.g.*, *Valley*

*Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485–86 (1982) ("The psychological consequence presumably produced by observation of conduct with which one disagrees . . . is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms."); *see also Moore v. Bryant,* 853 F.3d 245, 250 (5th Cir. 2017) ("[E]xposure to a discriminatory message, without a corresponding denial of equal treatment, is insufficient to plead injury in an equal protection case."). Plaintiffs offer no legal support for their argument to the contrary and the Court finds none. Accordingly, the Court will dismiss claims two and three without prejudice to the extent that they are brought on behalf of O.F. and N.F.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Plaintiffs' Objection to the Recommendation, ECF No. 41, is OVERRULED;

2. The Recommendation, ECF No. 40, is ACCEPTED AND ADOPTED;

3. The Defendants' Motion to Dismiss, ECF No. 34, is GRANTED;

4. Plaintiffs' First Claim for Relief is DISMISSED WITH PREJUDICE against all Defendants;

5. Plaintiffs' Second and Third Claims for Relief are DISMISSED WITHOUT PREJUDICE.

DATED:  September 26, 2024.

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge